UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2007 OCT -1 AM 10: 52
TX EASTERN-MARSHALL

| | | |
|---|---|---|
| VALERIE J. DANIELL, | § | CIVIL ACTION NO. 2-07CV-438 |
| | § | |
| Plaintiff, | § | |
| | § | |
| VERSUS | § | HON. DISTRICT JUDGE _T. John Ward_ |
| | § | |
| RITA H. MOHSIN, | § | |
| | § | |
| Defendant. | § | HON. MAGISTRATE JUDGE _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes VALERIE DANIELL and files this, her Original Complaint. In support thereof, she would respectfully show the Court as follows:

### I.
### PARTIES

1. VALERIE DANIELL, an individual, is a citizen of Colorado and a domiciliary of Littleton, Colorado.

2. RITA H. MOHSIN, an individual, is a citizen of Texas and domiciliary of Flower Mound, Texas.

-1-

## II.
## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because plaintiff is a citizen of the state of Colorado and defendant is a citizen of the state of Texas. The matter in controversy exceeds, exclusive of interest and costs, the sums specified by 28 U.S.C. § 1332.

4. Venue is proper in the Eastern District of Texas under the provisions of 28 U.S.C. § 1391 (a) (1), because at all times relevant hereto, defendant was a resident of the Eastern District of Texas.

5. Because venue is proper in the Eastern District of Texas, this suit is properly maintainable in any division of the Eastern District of Texas. *Mohamed v. Mazda Motor Co.*, 90 F. Supp. 2d 757 (E.D. Tex. 2000); *Singleton v. Volkswagen of America, Inc.*, 2006 WL 2634768 (E.D. Tex. Sept. 12, 2006).

## III.
## FACTUAL BACKGROUND

6. Valerie Daniell has a medical condition known as incomplete quadriplegia. In 2000, Valerie suffered an injury to her spinal cord that initially rendered her completely paralyzed. After treatment, therapy, and hard work, Valerie regained use of her limbs. By January of 2007, she was able to work, walk short distances with a cane, and to travel longer distances with a walker or wheel chair.

7. Since 1975, Valerie's career and livelihood have revolved around the education and care of deaf persons. Fluency in American Sign Language is a core requirement of such work. As such, Valerie's ability to use her hands is a critical component of her

job skills. After her 2000 accident, Valerie gained function in both of her hands and returned to work as an educator of deaf children.

8. On January 21, 2007, Valerie boarded American Airlines Flight 654 out of Dallas-Fort Worth International Airport to Boston, Massachusetts. Valerie made her way through DFW airport to the gate in her wheelchair. Valerie then walked onto the plane using her cane. American Airlines attendants helped Valerie board the plane before the rest of the passengers embarked and helped her stow her bags. All who observed Valerie during this process knew or should have known of her disability.

9. While Valerie waited in her seat for the rest of the plane's passengers to board, Defendant Rita H. Mohsin boarded the plane with a large, heavy piece of luggage on wheels. Ms. Mohsin decided to stow her luggage in the overhead compartment directly above Valerie's head. Ms. Mohsin struggled in an attempt to fit the luggage into the overhead bin, but the luggage was too large. Apparently frustrated, Ms. Mohsin gave up and turned to walk away, leaving the luggage perched precariously outside of the overhead bin on its exterior lip. Ms. Mohsin knew or should have known that the luggage was not properly inserted into the overhead compartment.

10. Before Ms. Mohsin could take more than a step or two, the luggage fell squarely onto Valerie's head and caused her serious bodily injury.

11. Immediately after Ms. Mohsin dropped her luggage on Valerie's head, flight attendants and other passengers rushed to Valerie's aid. Ms. Mohsin retrieved her bag and took her seat without acknowledging Valerie.

12. This 2007 accident has seriously aggravated Valerie's pre-existing incomplete quadriplegia, causing significant deterioration of her condition. Among other injuries caused by the 2007 accident, Valerie has suffered loss of sensation in her legs and loss of function of her left hand. The 2007 accident has erased much of the improved body function that Valerie fought so hard to achieve.

13. Due to the loss of function in her left hand, among other injuries, Valerie is unable communicate with sign language, rendering her incapable of continuing to pursue her career in education of the deaf.

14. As a result of the 2007 accident, Valerie has suffered mental and emotional anguish. After working for years in physical therapy to regain use of her arms and legs, the loss of these hard-won gains has demoralized Valerie and caused her severe mental and emotional distress.

## IV.
## NEGLIGENCE

15. This accident was caused by the negligence of Rita H. Mohsin, which includes her failure to exercise reasonable care to avoid this foreseeable injury. Ms. Mohsin had a duty to exercise reasonable care to avoid a foreseeable risk of injury to Valerie. Any reasonable person would have foreseen that the heavy bag left hanging outside of the overhead compartment would fall, causing injury to Valerie seated below. Ms. Mohsin had a duty to exercise reasonable care to avoid dropping her heavy bag on Valerie's head.

## V.
## DAMAGES

16. As a result of the incident sued on herein, Valerie Williams received injuries about her body, which include, but are not limited to the following:

   A) Injury to her cervical spine and discs resulting in deterioration of her preexisting condition;

   B) partial loss of function of her left hand;

   C) loss of sensation in legs;

   D) uncontrollable muscle spasms in legs; and

   E) general loss of strength and mobility.

17. These injuries caused Valerie Williams mental and physical pain and suffering.

18. As a result of the accident sued on herein, Valerie Williams has been unable to continue to work and has suffered the loss of wages in the past and will continue to suffer the loss of wages and earning capacity in the future.

19. As a result of the accident and the injuries received therefrom, Valerie Williams has sustained damages which include, but are not limited to, the following:

   A) Past medical bills

   B) Future medical bills

   C) Past and future lost wages

   D) Past and future lost earning capacity

   E) Past mental and physical pain and suffering

   F) Future mental and physical pain and suffering

   G) Permanent disability

H) Loss of household services

I) Loss of enjoyment of life

WHEREFORE, plaintiff prays that there be judgment herein in favor of the plaintiff, VALERIE DANIELL, and against defendant, RITA H. MOHSIN, for a reasonable sum in dollars, together with legal interest from the date of judicial demand until paid, and all costs of this proceeding, as well as all general necessary and equitable relief.

Respectfully submitted,

SAM N. GREGORIO, APLC
2800 YOUREE DRIVE SUITE 120
SHREVEPORT, LA 71104
Telephone: (318) 865-8680
Facsimile: (318) 865-8565

BY: /s/ Roy S. Payne
Sam N. Gregorio, Texas Bar No. 24030446
Roy S. Payne, Louisiana Bar No. 10360 T.A.
Julie E. Payne, Texas Bar No. 24046601

ATTORNEYS FOR PLAINTIFF

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

2-07CV-438 T-JW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
VALERIE J. DANIELL

**(b)** County of Residence of First Listed Plaintiff: Arapahoe County, CO
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Roy S. Payne, Sam N. Gregorio APLC, 2800 Youree Dr., Suite 120, Shreveport, La. 71104

## DEFENDANTS
RITA H. MOHSIN

County of Residence of First Listed Defendant: Collin County, TX
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
OCT 01 2007

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Negligent injury by defendant dropping suitcase on plaintiff's head aboard aircraft

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: Sept. 28, 2007

SIGNATURE OF ATTORNEY OF RECORD: Roy S. Payne

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____