IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE J. DANIELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0652-BD |
| FEDERATION OF STATE MEDICAL | § | |
| BOARDS OF THE UNITED STATES, | § | |
| INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Third-Party Defendant American Airlines, Inc. ("American") has filed a motion for summary judgment in this negligence action brought by Valerie J. Daniell ("Daniell") against Rita H. Mohsin ("Mohsin") and her employer, the Federation of State Medical Boards of the United States, Inc. ("FSMB"). In her complaint, Daniell, who suffers from a medical condition known as incomplete quadriplegia, alleges that she sustained serious bodily injuries shortly after boarding an American Airlines flight from Dallas to Boston when a large suitcase fell out of an overhead storage bin and struck her on the head. (*See* Plf. Compl. at 2-3, ¶¶ 6, 8-10). The suitcase was placed in the overhead bin by Mohsin, who was traveling on business for FSMB. (*See id.* at 3, ¶ 9 & Plf. First Am. Compl. at 1-2). Although Daniell has not sued American, FSMB brings a third-party action seeking contribution against the airline in the event Daniell prevails on her negligence claim.[1] (*See* FSMB Third-Party Compl. at 2-3, ¶¶ 8-9). American now moves for summary judgment on two grounds: (1) the contribution claim, in which FSMB alleges that American flight attendants were negligent

---

[1] Daniell settled with Mohsin after this suit was filed. As a result, the contribution claim against American is brought by the only remaining defendant, FSMB.

in various respects, is preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b), and the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, *et seq.*; and (2) American did not breach any duty owed to Daniell or proximately cause her injuries. The issues have been fully briefed by the parties, and the motion is ripe for determination.

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A movant who bears the burden of proof at trial must establish "beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

The court first decides whether FSMB's contribution claim is preempted by the ADA and the ACAA.[2] "The ADA is an economic deregulation statute intended to encourage maximum reliance

---

[2] Federal preemption is an affirmative defense on which American bears the burden of proof. *See Berry v. Lee*, 428 F.Supp.2d 546, 560 (N.D. Tex. 2006).

on competitive market forces in the airline industry by freeing airlines from restrictive state regulation." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir.), *cert. denied*, 123 S.Ct. 659 (2002), *citing Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335-36 (5th Cir. 1995) (en banc). The statute includes an express preemption provision, which states, in pertinent part:

> [A] state . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1). Thus, state law causes of action having "a connection with or reference to airline rates, routes, or services" are preempted by federal law. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384, 112 S.Ct. 2031, 2037, 119 L.Ed.2d 157 (1992); *Hodges*, 44 F.3d at 338-39. The ACAA prohibits discrimination by airlines based on disabilities. *See* 49 U.S.C. § 41705(a). Although the ACAA does not contain preemption language, several district courts have held that the ADA preemption clause applies to the ACAA because both statutes were enacted as part of the Federal Aviation Act ("FAA").[3] *See, e.g. Rivera v. Delta Air Lines, Inc.*, 96-CV-1130, 1997 WL 634500 at *6 (E.D. Pa. Sept. 26, 1997); *Moore v. Northwest Airlines, Inc.*, 897 F.Supp. 313, 315 (E.D. Tex. 1995); *Rowley v. American Airlines*, 875 F.Supp. 708, 713 n.2 (D. Or. 1995).

Notwithstanding the seemingly broad scope of ADA preemption, the statute does not preempt state claims for personal injury unrelated to economic deregulation or otherwise arising out of the general "operation and maintenance" of an aircraft. *See Hodges*, 44 F.3d at 336; *Tobin v. AMR Corp.*, 637 F.Supp.2d 406, 421 (N.D. Tex. 2009). As the Fifth Circuit explained in *Hodges*:

---

[3] The ACAA was enacted as part of Subchapter IV--Air Carrier Economic Regulation of Chapter 20--Federal Aviation Program of Title 49 of the United States Code. The ADA preemption clause, codified at 49 U.S.C. § 41713(b)(1), was enacted as part of Subchapter I--General Provisions of Chapter 20 of Title 49 of the United States Code. *See Moore v. Northwest Airlines, Inc.*, 897 F.Supp. 313, 315 (E.D. Tex. 1995).

> "Services" generally represent a bargained-for or anticipated provision of labor from one party to another. If the element of bargain or agreement is incorporated in our understanding of services, it leads to a concern with the contractual arrangement between the airline and the user of the service. Elements of the air carrier service bargain include items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself. These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline. It is these [contractual] features of air transportation that we believe Congress intended to de-regulate as "services" and broadly to protect from state regulation.

*Hodges*, 44 F.3d at 336, *quoting Hodges v. Delta Airlines, Inc.*, 4 F.3d 350, 354 (5th Cir. 1993); *see also Smith v. America West Airlines*, 44 F.3d 344, 346-47 (5th Cir. 1995).

Here, FSMB alleges that American flight attendants were negligent in various respects, including: (1) failing to properly seat Daniell aboard the airplane; (2) failing to warn Mohsin and the other passengers of Daniell's disability; (3) failing to assist Mohsin in properly stowing her luggage; and (5) creating an unreasonably dangerous condition. (*See* FSMB Third-Party Compl. at 2-3, ¶ 9). Contrary to American's arguments, such claims do not "fall[ ] squarely within the 'boarding procedure' services recognized by the Fifth Circuit as preempted by the ADA." (American MSJ Br. at 16). In *Hodges*, the issue was whether Delta could be sued under state law for allowing a box of rum to be stowed in an overhead storage bin. When plaintiff opened the overhead compartment, the box fell and cut her arm and wrist. The Fifth Circuit held that plaintiff's tort claim for personal injury "has no specific 'reference to' airline services," and was not preempted by federal law. *See Hodges*, 44 F.3d at 340. This court reaches the same conclusion with respect to FSMB's negligence claim against American. *See also Christoph v. Northwest Airlines, Inc.*, 87 F.3d 1312 (Table), 1996 WL 335549 at *1 (5th Cir. May 17, 1996) (claim that flight crew was negligent in monitoring and caring for a passenger's well-being did not relate to any "service" provided by the airline, but rather

to the "safe operation" of the flight, and, thus, was not preempted by the ADA or ACAA); *Moore*, 897 F.Supp. at 315 (same).

Although American is not entitled to summary judgment on its preemption defense, the court determines that there is no evidence of negligence by the airline or its flight attendants. Under Texas law, which provides the rule of decision in this diversity case, a commercial airline owes its passengers a high degree of care, such as would be exercised by a very cautious and prudent person under the same or similar circumstances. *See Speed Boat Leasing, Inc. v. Elmer*, 124 S.W.3d 210, 212-13 (Tex. 2003). This heightened duty of care extends throughout the passenger-carrier relationship, including boarding procedures and luggage storage. *See, e.g. Delta Air Lines, Inc. v. Gibson*, 550 S.W.2d 310, 312 (Tex. Civ. App. -- El Paso 1997, writ ref'd n.r.e.); *Holeman v. Greyhound Corp.*, 396 S.W.2d 507, 509 (Tex. Civ. App. -- Houston 1965, writ ref'd n.r.e). In this case, however, there is no evidence that American breached any duty owed to Daniell or that her injuries were proximately caused by the negligence of the flight crew. Nothing in the record suggests that the American flight attendants knew or should have known that Mohsin's suitcase would not fit properly in the overhead bin. Nor is there any evidence that the suitcase was improperly stored long enough for flight attendants to discover that it posed a danger. To the contrary, the undisputed testimony of Greg Sconce, a passenger who witnessed the accident, establishes that Mohsin lifted her luggage into the overhead bin without any difficultly, and that the suitcase fell only moments later. (*See* American MSJ App. at 72). FSMB fails to identify any evidence that American knew or could have discovered that Mohsin's suitcase created an unreasonably dangerous condition before it fell on Daniell. Without such evidence, there is no genuine issue of material fact for trial.[4]

---

[4] FSMB argues that a fact issue exists because American failed to properly monitor Daniell, a passenger with a known disability. (*See* FSMB Resp. Br. at 6). However, there is no evidence that Daniell's medical condition caused or contributed to the accident.

## CONCLUSION

American's motion for summary judgment [Doc. #85] is granted. All claims asserted by FSMB against American are dismissed with prejudice.

SO ORDERED.

DATED: September 1, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE